Casper W. Ooms, L. B. Mann, Chicago, Ill., for the plaintiff.

Haight, Goldstein & Haight, Orrin O. B. Garner, Chicago, Ill., for the defendant.

### HOLLAND CO. v. AMERICAN STEEL FOUNDRIES.

### No. 49 C 948.

United States District Court
N. D. Illinois, E. D.

Dec. 6, 1951.

CAMPBELL, District Judge.

This is a suit under the patent laws of the United States for infringement of Claim 10 of United States Letters Patent No. 2,053,989, issued September 8, 1936 on the application of E. G. Goodwin. It is conceded by defendant that plaintiff is now the owner of said patent and is entitled to sue for infringement thereof. Defendant, however, asserts invalidity and non-infringement as defenses to the action.

A trial of the cause was had and this Court found against plaintiff on the issue of infringement, but declined to pass upon the issue of validity. Upon appeal, the Court of Appeals reversed the judgment previously rendered in defendant's favor, and remanded the cause with directions to make appropriate findings upon the issue of validity. Since neither party has evinced a desire to re-open the proofs or submit new briefs as to validity, the matter will, therefore, be disposed of upon the proofs and briefs heretofore tendered.

The subject matter of the patent in suit is railway car trucks or undercarriages, and, more particularly, the usual freight car type of truck. The controversy relates to means provided to absorb the energy of oscillating truck springs and dampen their vibrations, and thus to reduce the destructive bouncing and swaying of freight cars. The Goodwin patent contains three stated objects: (1) To provide means to absorb energy caused by the vertical oscillation of the parts supported by the truck springs so as to minimize, or eliminate rocking of the car in service; (2) To absorb energy both while the spring is being compressed and during the recoil; (3) To attain the first two objects in an inexpensive way. Claim 10 states, "In a car truck, a side frame, a bolster, springs on said side frame for supporting said bolster, friction means on said side frame, friction shoes engageable with said means, and wedging means on said bolster comprising spaced, oppositely sloping bolster walls for urging said shoes against said friction means to dampen vibrations of said springs".

■ As indicated, although not conclusively determined, in my previous memorandum, I was of the opinion that Claim 10 was invalid as having been clearly anticipated in the prior art. A further comparison of Claim 10 with the cited art only serves to strengthen that opinion. The following analysis reveals that Goodwin merely perfected a practical application of what others have taught, and thus his patent represents an improvement by a mechanic skilled in the art, but does not constitute invention.

(a) Barrows No. 1,842,307—There is an emphatic similarity between this structure and that of Shafer No. 2,073,075, wherein Claim 10 originated via interference proceedings in the Patent Office. In both instances, the "friction means on the side frame" are in the form of a separable wedge member carried by, but not integral with, the side frame. In Shafer this wedge member or "friction means" is carried by the top member of the side frame, whereas in Barrows the wedge member or "friction means" is carried by the bottom member of the frame. However, the location of the "friction means" is not pertinent, because Goodwin's corresponding parts are located on the columns between the top and bottom members of the frame. In Figure 7 of Barrows, the inventor illustrates a box-type bolster end received between the columns of the supporting side frame, the bolster end having spaced, oppositely sloping bolster walls presenting wedging surfaces for engagement with the shoes, said shoes also having frictional engagement at their lower ends with friction surfaces on the housing seated on the side frame. The close similarity of the Barrows structure with that of Shafer should be readily apparent.

■ (b) Ritter No. 972,921—The stated objects of Ritter, as well as his disclosed structure, teach substantially the same invention disclosed and claimed by Goodwin. Ritter discloses a truck wherein the bolster is supported by vertical springs which operate the friction shoes by forcing them against spaced, oppositely sloping bolster walls and against the side frame columns. According to Ritter, his bolster guiding means are, "of such character, construction and arrangement that the side frames and bolster of the truck are maintained in their proper relation with respect to each other by the imposition of the load upon the bolster, * * * and * * * to temper and control the excessive oscillation of the bolster springs by the frictional action of the bolster guide members upon the side frames". And further, "the oscillations of the bolster springs are reduced in number and amplitude by reason of frictional control". Figure 1 of Ritter illustrates an arrangement wherein the wedge incorporates a spring seat seated upon the load supporting springs. Friction shoes, serving as bolster guide members, have wedge engagement with opposite faces or walls of the wedge and frictionally cooperate with friction walls in the adjacent side frame columns. Ritter also states, "the central wedge element may be inverted, and either integral with or independent of the bolster, in which event the bolster spring will bear upon the bolster guide members". The inverted form of Ritter, i. e., where the wedge is inverted and made integral with the

bolster and the friction shoes bear upon the load carrying springs, closely resembles the structure shown in Goodwin. True, plaintiff contends, with considerable persuasion, that Ritter teaches an inoperable device, and points out that there is no instance of the Ritter patent ever having been used in the truck of any railroad car. This in itself is not, however, conclusive of non-disclosure, since the patent laws require only that the inventor file a description sufficient to enable any person skilled in the art to make and use the same. If the operability of the Ritter device is attacked because of the sharpness of the wedging angle of the bolster walls, it should be obvious that any mechanic skilled in the truck art could vary the wedge angles to improve the operation of the device.

(c) Otis No. 730,688—Otis states his object to be, "to provide a bolster having integral friction mechanism at each end thereof adapted to frictionally engage co-operating friction mechanism in the truck and provide, in connection therewith, a cushioning resistance to the movements of the bolster in all substantially horizontal or downward directions". His claim reads, "In a car truck, a side frame, a bolster, springs on said side frame for supporting said bolster, friction means on said side frame, friction shoes engageable with said means, and wedging means of said bolster comprising spaced, oppositely sloping bolster walls for urging said shoes against said friction means to dampen vibrations of said springs." While the bolster supporting springs of Otis are horizontally positioned in the side frame columns, they function essentially in the same manner as do the load carrying springs in Goodwin, wherein all the load is carried through the friction shoes. Spaced, oppositely sloping walls of the Otis bolster are seated on the friction shoes which, in turn, bear against the load carrying springs, and each friction element is also frictionally engaged with a horizontal friction surface on the side frame. Claim 10 of Goodwin recites springs on the side frame for supporting the bolster but does not specify that these load carrying springs be in any particular position. In Otis they are horizontally positioned but

perform precisely the same function of supporting the whole load of the bolster through the medium of friction shoes.

(d) Scheibli No. 1,452,529—Scheibli states his object to be, "to provide an improved means for supporting and guiding the truck bolster and for cushioning the blows between the bolster and the side frames of the truck when in service". His claim reads, "In a car truck, a side frame, a bolster, springs on said side frame for supporting said bolster, friction means on said side frame, friction shoes engageable with said means, and wedging means on said bolster comprising spaced, oppositely sloping bolster walls for urging said shoes against said friction means to dampen vibrations of said springs." Scheibli shows a bolster supported on springs between the columns of the side frame. Within each column is housed a nest of coil springs urging a spring cap against the adjacent side wall of the bolster, the end of said bolster having spaced, oppositely sloping side walls which have tongue and groove engagement with complementary faces on the spring caps or guide members. Movement either upwardly or downwardly of the bolster in the Scheibli structure will inevitably result in seating of the spring cap or friction member against a side frame surface along which it must slide, thus developing friction with the side frame as well as with the bolster.

I believe the preceding paragraphs adequately demonstrate that the Goodwin device does not constitute patentable invention but, on the contrary, reveals only mechanical skill on the part of its proponent. "A mere carrying forward of new or more extended application of the original thought, a change only in form, proportions or degree, the substitution of equivalents doing substantially the same thing in the same way, by substantially the same means with better results is not such invention as will sustain a patent." Schreyer v. Chicago Motocoil Corp., 7 Cir., 1941, 118 F.2d 852, 857.

For the foregoing reasons, judgment will enter in favor of defendant. Plaintiff's costs.